# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

CHRISTOPHER JOHN BECK                                                 PLAINTIFF
#215228

V.                          No. 5:05CV00197-JMM/BD

ROLAND ANDERSON, *et al.*                                      DEFENDANTS

## ORDER

Plaintiff, an inmate currently confined to the Arizona State Prison Complex, filed a pro se Complaint (#2) under 42 U.S.C. § 1983 on July 5, 2005. Plaintiff was granted leave to proceed *in forma pauperis* on July 18, 2005 (#3). On January 17, 2006, the U. S. Marshal was directed to serve Summons and Complaint upon Defendants. Service upon Jerry McIntosh was directed through counsel for Correctional Medical Services, Humphries & Lewis (#8). Summons was returned unexecuted on February 2, 2006 (#21).

On March 19, 2007, the U. S. Marshal was directed to serve Summons, Complaint and Amended Complaint upon Defendant McIntosh at her last-known address (#65). Summons was again returned as unexecuted (#76).

It is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* in a § 1983 action to provide the Court and the U.S. Marshal Service with proper service addresses for the defendants. *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). Thus, the Court will give Plaintiff forty-five (45) days from the entry of this Order to: (1)

use the discovery process set forth in Fed. R. Civ. P. 26 to 34 or otherwise ascertain a valid service address for this defendant; and (2) file a "Motion for Service" requesting that service be attempted upon her at that address. Plaintiff is hereby advised that failure to timely and properly comply with this Order will result in Defendant Jerry McIntosh being dismissed, without prejudice, from this action. See Fed. R. Civ. P. 4(m) (providing that a Court may *sua sponte* dismiss a defendant if he or she is not served within 120 days of the filing of the complaint).

IT IS SO ORDERED this 18th day of April, 2007.

_____
U. S. MAGISTRATE JUDGE